UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIAM H. BEASLEY**
    Plaintiff

v.   No. 5:06CV-00116-J

**LINDA S. McMAHON**
    Acting Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Craig Housman. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 7 and 11, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on September 3, 2004, by administrative law judge (ALJ) Gary Flenner. In support of his decision denying Title II benefits, Judge Flenner entered the following numbered findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's crush injury resulting in comminuted open fracture dislocation of the left elbow is a "severe" impairment, based upon the requirements in the Regulations (20 CFR § 404.1520(c)).

      4.  For the period July 6, 2003, through July 6, 2004, the severity of this medically determinable impairment meets the requirements of Sections 1.07 and 1.08, Appendix 1, Subpart P, Regulation No. 4 and precluded him from working for 12 continuous months.

      5.  The undersigned finds the claimant's allegations regarding his limitations are totally credible from July 6, 2003, through July 6, 2004, for the reasons set forth in the body of the decision, but not thereafter.

      6.  As of July 7, 2004, the claimant experienced medical improvement related to his ability to work and retained the residual functional capacity to engage in a limited range of light work activity.  The claimant can lift and carry up to 20 pounds with the right upper extremity, but is unable to lift more than five pounds with the left upper extremity.  He has grip strength of nine pounds, but no ability to lift above chest level with the left upper extremity.

      7.  The claimant's past relevant work as owner of a motel did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).

      8.  As of July 8, 2004, the claimant's medically determinable crush injury resulting in comminuted open fracture dislocation of the left elbow does not prevent the claimant from performing his past relevant work as a motel owner.

      9.  The claimant was "disability" from July 6, 2003, through July 6, 2004, but not thereafter (20 CFR § 404.1520(f)).

(Administrative Record (AR), pp. 21-22).

## Governing Legal Standards

      1.  The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  42 U.S.C. § 405(g), sentence four.  In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision.  *Richardson v. Perales*, 402 U.S. 389 (1971).  Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990).

## Discussion

On July 6, 2003, the plaintiff suffered a severe crush injury to his left arm. The ALJ limited the plaintiff to exertionally "light" work and found that he was disabled for a closed period from July 6, 2003, through July 6, 2004. The ALJ further found that, beginning on July 4, 2004, and through the date of the decision, the plaintiff was able to return to his "light" past relevant work as owner of a motel.

The plaintiff presented uncontradicted testimony that he did all the maintenance, repair, mowing, and yard work associated with being an small motel operator. The plaintiff's wife did most of the office work associated with being a manager / owner. "I might have had [up] to a half hour or something like that a day in the office if the wife was busy and couldn't get to the phone then I would go in" (AR, p. 351). The vocational expert (VE) testified that the owner work was exertionally "light," and the operator work was "medium" to "heavy" (AR, pp. 366 and 371).

4

The plaintiff asserts that, although the ALJ found he could perform his past relevant work as owner, his actual work was that of owner / operator, with the latter duties predominating. From this assertion, the accuracy of which is not challenged by the Commissioner, the plaintiff argues that the ALJ erred in artificially separating and classifying the least exertionally demanding aspects of his past relevant work as a separate job, rather than considering his job as a whole.

The argument is persuasive. In cases in which the claimant's past relevant work consisted of a number of separable job duties, it has been recognized that:

> [E]very occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify ... work according to the least demanding function of ... occupations is contrary to the letter and spirit of the Social Security Act.

*Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir., 1985). Hence:

> [I]n order to conclude that a claimant can perform ... work, the ALJ must find that she is capable of performing all of the duties of that job . . . even where [a] job combined the duties of occupations that also exist separately in the national economy.

*Berthiaume v. Commissioner*, 1999 WL 814267 (D.N.H.). The Sixth Circuit has acknowledged the foregoing principles, holding that the Commissioner "may not consider only the least physically taxing elements of the claimant's former employment when characterizing the exertional level of that previous work." *Williams v. Secretary*, 1986 WL 16173, citing *Valencia*, supra. Furthermore, we agree with the plaintiff that the present situation is similar to that presented in *Williams v. Barnhart*, 395 F.Supp.2d 1130 (N.D.ALa., 2005), in which the ALJ identified separate jobs of wrecker service owner ("light") and wrecker service operator ("heavy") where the claimant performed both roles. The magistrate judge concludes that the ALJ erred in finding that the plaintiff can return to his past relevant work as a small motel owner, when the evidence was that his "medium" to "heavy" operator duties predominated.

Nevertheless, judicial review contemplates a "harmless error" review in which the Commissioner's final decision will not be disturbed if there is an alternative supportable basis for the Commissioner's ultimate finding of lack of disability. In this case, the ALJ's decision may be interpreted as a denial at the fourth step and, alternatively, at the fifth and final step of the sequential evaluation process. In any event, it has been held that, ordinarily, a fourth-step denial should be affirmed upon judicial review if the vocational testimony would support a fifth-step denial. *Pechatsko v. Commissioner*, 369 F.Supp.2d 909 (N.D. Ohio, 2004). The ALJ found as follows (AR, p. 21):

> Social Security Ruling 82-61 provides that an individual will be found "not disabled" when it is determined that he or she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. Additionally, Dr. Grenfell testified that the claimant has transferable skills to work as a desk clerk and could perform these duties in his own motel or any other motel. He testified that there are 400,000 hotel/motel desk clerk positions available in the national economy and 6,000 desk clerk positions available in the state of Kentucky performed at the light exertional level.

In this case, in addition to the 400,000 hotel/motel desk clerk positions in the national economy mentioned in the ALJ's decision, the VE testified that the plaintiff has transferable skills to work as a "light" janitorial supervisor, with 188,000 such jobs existing in the national economy (AR, pp. 366 and 372). Therefore, ordinarily, the proper result in this case would be an affirmance of the Commissioner's final decision because, although the plaintiff may not retain the ability to perform his past relevant work, substantial evidence supports a conclusion that he can perform other jobs that exist in substantial numbers in the national economy.

However, special factors are present in this case due to the plaintiff's age. The plaintiff was born on May 9, 1946. Therefore, he was 58 years old on September 3, 2004, when the ALJ rendered his decision. 20 C.F.R. § 404.1563(e) provides as follows:

> *Person of advanced age.* We consider that at advanced age (age 55 or older) age significantly affects a person's ability to adjust to other work. We have special rules for persons of advanced age ....

In addition, Rule 202.00(c) of Appendix 2 of the regulations (the so-called medical-vocational guidelines, or grids) provides, in pertinent part, as follows *(emphasis added)*:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a **significant range of semi-skilled or skilled work** that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled.

As indicated above, the VE identified 588,000 "light" jobs in the national economy that the plaintiff could perform (400,000 desk clerk plus 188,000 janitorial supervisor positions). The VE further testified that there are approximately 6,000 "light" job titles in the national economy (AR, p. 373). Hence, although 588,000 jobs may be a significant number of jobs in the national economy, two occupations, or job titles, in a field of 6,000 arguably is insignificant. Therefore, a significant interpretive issue in this case is the meaning of the phrase "significant range of ... work."

The issue was recently considered by the Ninth Circuit in *Lounsburry v. Barnhart*, 468 F.3d 1111 (9th Cir., 2006). Because *Lounsburry* provides a persuasive construction of the current Social Security regulations and rulings, which apply in this circuit no less than in the Ninth Circuit, the magistrate judge adopts *Lounsburry*'s reasoning as his own, to-wit:

7

... Thus, the specific issue we confront is the meaning of the phrase "significant range of work." The Commissioner takes the position that the term "work" refers to individual jobs, and the phrase "significant range" only requires Lounsburry to adjust to other work existing in significant numbers in the national economy in one or more occupations. However, the term "work" under Rule 202.00(c) means distinct occupations, and "significant numbers" is no substitute for and cannot satisfy the plain language of Rule 202.00(c) requiring a "significant range of ... work."

Social Security Ruling 83-10 (1983) ("SSR 83-10") "address[es] the issue of capability to do other work" by providing "definitions of terms and concepts frequently used in evaluating disability under the medical-vocational rules." ... SSR 83-10 defines the phrase, "Range of Work," as " Occupations existing at an exertional level." It defines the related phrase, "Full Range of Work," as: "All or substantially all occupations existing at an exertional level." ... We thus construe the phrase "significant range of ... work" in Rule 202.00(c) to require a significant number of occupations. The record in this case establishes that Lounsburry's skills would transfer to precisely one occupation at her residual functional capacity. One occupation does not constitute a significant range of work. Rule 202.00(c) directs a finding of disability for Lounsburry.

The Commissioner's reliance on 20 C.F.R. § 404.1566(b) (2004), which provides that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations)," is misplaced. In whatever manner "work" is defined, Rule 202.00(c) demands a "significant range of" it. To interpret "significant range of ... work" to mean simply "work" nullifies the concept of "range" contained in the text. Congress might have drafted Rule 202.00(c) to require only a "significant number of jobs"; it chose not to do so.

Furthermore, 20 C.F.R. § 404.1566(b) is inapplicable to Lounsburry's case. It defines "work" at a high level of generality and only to operationalize the broad definition of disability articulated by the Commissioner in interpreting a different statute 42 U.S.C. § 423(d)(2)(A). However, the purpose of the grids is to individualize the disability determination process; the grids supply the test for satisfying §423(d)(2)(A) in particular cases. The Commissioner may not substitute a definition of disability applicable generally for one narrowly tailored by the grids to Lounsburry's circumstances.

For the foregoing reasons, Lounsburry is disabled under the Medical-Vocational Guidelines and eligible to receive disability insurance benefits as a matter of law.

The magistrate judge concludes that two out of 6,000 "light" occupations in the national economy is not a significant range of work. Therefore, the plaintiff has adequately demonstrated his entitlement to benefits.

## RECOMMENDATION

The magistrate judge RECOMMENDS that this matter be REMANDED to the Commissioner for calculation and payment of past-due Title II benefits based upon his application for benefits filed on October 14, 2003, and his alleged onset of disability date of July 6, 2003.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).